

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-3636
Re: Change of title of County At-
torney to Criminal District
Attorney under S. B. 312, 47th
Legislature of Texas, does not
prevent County Attorney from
operating under Article 3886b,
Section 5b

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Senate Bill 312, passed by the 47th Legis-
lature March 28, 1941, effective May 20, 1941,
provides: In any county in this State not em-
braced in or constituting either a Criminal
District Attorney's District or a District
Attorney's District, and wherein the duty of
representing the State in all criminal matters
arising in such county devolves upon the
County Attorney of such county, the Commissioners'
Court thereof, upon petition of such County
Attorney at any time during a non-election
year, may designate the office of the County
Attorney in such County as the office of Crim-
inal District Attorney of such county. It
provides further that it is not the intent
of the act to change the duties in any way,
nor to create any new office, but merely to
change the name of the office from that of
County Attorney to Criminal District Attorney
of such county.

"We are operating in Jefferson County under
Article 3886b, Sec. 5b, which provides that
counties having a population of more than
125,000 inhabitants, wherein there is no Dis-
trict Attorney and the county attorney per-
forms all the duties of County Attorney and
District Attorney, and names the salaries,
etc, but no place names my office as that of
County Attorney except by inference.

"The problem that confronts me, if I do
change the name of this office is:  Will I
still be able to operate under 3886b, Sec. 5b,
which specifically provides for  the set up
under which we are now operating.

"Of course, the new statute is written
to cover situations exactly like ours, but
there is some doubt in my mind as to whether
I will be left without any statute to operate
under, if the name is changed, because of the
provision in 3886b, Sec. 5b, which specifical-
ly says 'where there is no District Attorney
or Criminal District Attorney'.

"I personally believe that Senate Bill
312 and the change in the name  of my office
will not effect our operating under Article
3886b, Sec. 5b, but I would greatly appre-
ciate an opinion from your office to that
effect, or otherwise, as soon as possible,
in order that I may proceed to change the
name of my office without any doubt as to
its effect."

Senate Bill 312, 47th Legislature of Texas, reads
in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE
OF TEXAS:

"Section 1.  CERTAIN COUNTY ATTORNEYS
DESIGNATED CRIMINAL DISTRICT ATTORNEY.  In
any county in this State not embraced in or
constituting either a Criminal District At-
torney's District or a District Attorney's
District, and wherein the  duty of representing

the State in all criminal matters arising in such county devolves upon the County Attorney of such county, the Commissioners' Court thereof, upon petition of such County Attorney at any time during a non-election year, may, by appropriate action spread upon the minutes of such Commissioners' Court, designate the office of County Attorney in such county, as the office of Criminal District Attorney of such County, and the incumbent of such office as the Criminal District Attorney of such County; and thereafter and until such time as such county shall be included within a regularly created and constituted District Attorney's District or Criminal District Attorney's District, such office shall be designated as the office of Criminal District Attorney of such county, and the incumbent thereof shall be designated as the Criminal District Attorney of such county; providing that such change in the designation and appellation of such office and the incumbent thereof, as aforesaid, shall in no manner alter or affect either the previous election and qualifications of the incumbent thereof, <u>nor shall the same thereafter alter or affect either the rights, duties, or emoluments of such office or the incumbent thereof</u>; and providing further that in all elections thereafter held to fill such office, and so long as the same shall be so designated, the said office shall be designated upon the ballot and in the election as the office of Criminal District Attorney of such county; and providing further that in the event any such county be thereafter embraced in or constitute a regularly created District Attorney's District or Criminal District Attorney's District, the designation of County Attorney shall be restored to such office unless the office of County Attorney be abolished in such county.

"Sec. 2. INTENT OF ACT. It is not the intention of this Act to create any office of District Attorney or any other Constitutional office; but it is the intention of this Act merely to authorize a change in the name and appellation of the office of County Attorney and the incumbent thereof in certain counties, without otherwise changing or affecting the rights, duties, or emoluments either of such office or the incumbent thereof.

"Sec. 3. REPEAL. This Act is not intended and shall not be considered or construed as repealing any law now in the statute books, except those in conflict therewith; but it shall be cumulative thereof.

" . . . " (Underscoring ours)

Section 5b of Article 3886b, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 5-B. In all Counties in this State having a population of over 125,000 inhabitants according to the latest preceding Federal Census and in which there is no District Attorney or Criminal District Attorney and the County Attorney performs the duties of County and District Attorney, the County Attorney in such Counties, upon sworn application showing the necessity therefor and upon approval by the Commissioners' Court of such application, shall be authorized to appoint one first assistant County Attorney who shall receive a salary ofnot to exceed Three Thousand Six Hundred ($3,600.00) Dollars per annum, and such other assistants and employees as are necessary who shall receive salaries of not to exceed Three Thousand ($3,000.00) Dollars per annum. The Commissioners' Court in each order approving the appointment of such assistants and employees shall state the number authorized and the amount of compensation to be allowed each assist or employee; and should the fees of the County Attorney's office be in-

sufficient to pay the compensation allowed
to such officer, and also pay the allowable
expense a..d the salaries of such assistants
and employees of such office as the Commis-
sioners' Court may determine are necessary
to properly perform the duties and carry on
the affairs of the office, the Commissioners'
Court shall allow the payment of such por-
tion of such expenses and salaries out of the
general fund of the County as in their judg-
ment may be necessary. The County Attorney
may also appoint with the consent and ap-
proval of the Commissioners' Court an Assis-
tant County Attorney who need not possess the
qualifications of County Attorney, but who
shall have the qualifications of a competent
tax man, and a Clerk or Assistant to assist
in the collection of delinquent taxes, and
in the filing and prosecuting of tax suits.
Such Assistant County Attorney shall receive
such salary as the Commissioners' Court may
determine, not to exceed Three Thousand
($3,000.00) Dollars per annum, and such
Clerk or Assistant a salary not to exceed One
Thousand Eight Hundred ($1,800.00) Dollars
per annum, such salary to be paid monthly
out of a percentage of all delinquent taxes
collected."

It is our opinion that the conclusion reached by
you is correct.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s) Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GO

APPROVED AUG. 21, 1941
(s) Gerald C. Mann
Attorney General of Texas

APPROVED
Opinion Committee
By C.E.C. Chairman